## CIRCUIT COURT OF LOUDOUN COUNTY

Leesburg Subaru, Inc., d/b/a
Leesburg Subaru Jeep Eagle

v.

Chrysler Credit Corp. et al.

v.

Farmers and Merchants Nat'l Bank

Case No. (Law) 13052

BY JUDGE THOMAS D. HORNE

September 21, 1992

This case came to be heard on the Demurrer of Farmers and Merchants National Bank to the third party Motion for Judgment filed by Chrysler Credit Corporation. The issue raised by the Demurrer is whether the third party Plaintiff as maker of a check is entitled to seek recovery against the collecting bank based upon the warranties provided in §§ 8.4–207, 8.3–414 and 8.3–417 of the Code of Virginia.

The Court agrees with the position taken by Farmers and Merchants National Bank in that the warranties imposed by the Code on the collecting bank do not run to the drawer of a check. Accordingly, the Demurrer will be sustained as to the Amended Third Party Motion for Judgment filed by Chrysler Credit Corporation.

March 1, 1993

In accordance with the jury verdict, the Court finds that Leesburg Subaru, Inc., d/b/a Leesburg Subaru Jeep Eagle, is entitled to recover from Chrysler Credit Corporation the amount of $39,376.72 with interest at the legal rate from November 7, 1990, and at the judgment rate from the date of the entry of the Final Order reflecting this letter opinion.

Chrysler Credit Corporation has nonsuited its third party action against Dulles Motorcars, Inc. Summary judgment has been previously entered in favor of Farmers & Merchants National Bank of Hamilton on Chrysler Credit's third party action against that bank. The Court finds that Chrysler Credit is entitled to judgment on its third party negligence claim against Chemical Bank in the amount recovered by Leesburg against Chrysler, to wit $39,376.72. The drawee bank had a duty to its customer to exercise ordinary care in the handling of its account. This would include the duty to determine whether the document was properly payable. It debiting Chrysler's Account, Chemical's predecessor, Manufacturers Hanover Bank, failed to act in a reasonable manner in paying over an indorsement which has been determined by the jury to be unauthorized and which is patently inconsistent with the named payee.

The Court finds that Chemical and Farmers & Merchants are entitled to recovery against Dulles Motorcars, Inc., on the contracts of endorsement and attendant warranties in the amount recovered by Chrysler against Chemical, to wit $39,376.72. Farmers & Merchants has stipulated to payment of any recovery had against Chemical.