## CIRCUIT COURT OF LOUDOUN COUNTY

Bruce Brownell et al.

v.

Leesburg Subaru et al.

March 7, 1994

Case No. (Chancery) 15276

BY JUDGE THOMAS D. HORNE

This matter is before the Court on motions for summary judgment filed by plaintiffs Bruce Brownell and Catoctin Investment Corporation and F. & M. Bank — Winchester. Defendant Gregory Harris has filed a response in opposition to plaintiffs' motions, and F. & M. Bank has filed a reply thereto. For the reasons set forth below, the Court will deny plaintiffs' motions for summary judgment.

### I. *Procedural Background*

This matter originated as a law action (Law No. 14259) for judgment on a $200,000.00 note. Subsequent to the filing of the action at law, it is suggested that the parties settled the matters in controversy. As part of the settlement, counsel for Leesburg Subaru acquired the $200,000.00 note in exchange for the payment of $15,000.00 to the note-holder. The note-holder was Bruce Brownell/Catoctin Investment Corp., and the maker of the note was Leesburg Subaru, Inc. It was claimed that Leesburg Subaru defaulted on the note. Accordingly, Brownell had, prior to the purported settlement, petitioned the Court to attach the judgment obtained by Leesburg Subaru in a case recently heard by this Court. *Leesburg Subaru, Inc. v. Chrysler Credit Corp*, 29 Va. Cir. 133 (1992).

As previously noted, as part of the settlement, Brownell assigned all of his "right, title and interest" in the $200,000.00 note to Harris, who was counsel for Leesburg Subaru. Shortly after the settlement, Harris attempted to foreclose on the deed of trust securing the note. However, F. & M. Bank and Brownell objected to the foreclosure, citing their

prior agreement to release the deed of trust. F. & M. Bank and Brownell thus requested that the Court enjoin the threatened foreclosure by Harris. This Court subsequently granted a temporary injunction enjoining Harris from foreclosing on the deed of trust. Plaintiffs have now filed motions for summary judgment on the issue of Harris's status in connection with the $200,000.00 note and what rights he holds under the note.

## II. *Harris Is An Assignee of the $200,000.00 Note and Thus Has No Greater Rights Than His Assignor*

The parties do not dispute the fact that Harris acquired the $200,000.00 note pursuant to an assignment executed by Brownell on April 20, 1993. A party who acquires a note through an assignment is merely an assignee and cannot be a holder. *Becker v. National Bank and Trust Co.*, 222 Va. 716, 721, 284 S.E.2d 793, 795–96 (1981). Thus, any rights which the law might afford a holder or a holder in due course are not applicable to this case.

As an assignee of the note, Harris has only those rights belonging to his assignor, Brownell. Thus, the plaintiffs argue that as Brownell acquired the note by assignment from F. & M. Bank in May, 1990, and that part of the agreement between Brownell and F. & M. Bank was that the deed of trust securing the note would be fully released, Harris cannot assert a position to the contrary. Plaintiffs assert that the agreement to release is reflected in the Commitment for Title Insurance issued to F. & M. Bank in May 1990 as well as the actual title insurance policies issued to F. & M. Bank. The parties agree that the actual deed of release was not executed until July, 1992, and has not been recorded in the land records of the Clerk of this Court.

The Court does not believe that the instant case can be concluded on a review of the pleadings and the exhibits submitted by counsel and that there remain genuine issues of fact necessary to the determination of the cause that are in dispute.

Mr. Harris correctly states in his opposition papers that Brownell acquired the equity of redemption in the property of the defaulting owners pursuant to foreclosure under the third deed of trust. Thus, he suggests that the release by Brownell of the second trust on the property securing the $200,000.00 note would have discharged the underlying obligation of the mortgagors. *Seward v. Insurance Co.*, 154 Va. 154 (1930). As the Court noted in *Seward*:

> Where the owner of land mortgages it by mortgage or deed of trust to secure a debt, and subsequently sells the equity of redemption, the purchaser not assuming payment of the prior deed of trust, or the equity of redemption is sold under a second deed of trust which is made subject to the first deed of trust, or which excepts from the covenants thereof the first deed of trust, or the equity of redemption is sold under judicial procedure, the land in the hands of the purchaser becomes as between the purchaser and his vendor primarily liable for the payment of the first deed of trust debt and the mortgagor to that extent a surety thereon, though he remains personally liable for the whole debt to the deed of trust creditor. *Seward*, at 163, 164.

Mr. Harris also alludes to the rule applicable to the discharge of a surety where a holder unjustifiably impairs collateral securing an instrument. § 8.3–606, Code of Virginia, as amended. Although Mr. Harris is not a surety in this case, if indeed the deed of trust were released at the time the note was assigned to him, he would in effect be purchasing a worthless note.

At the time Brownell assigned the note to Harris, both he and the bank executed affidavits which, among other things, recited that they had done nothing to impair the right to recovery under the note. Harris indicated that he relied upon these representations in acquiring the note for $15,000.00. Thus, he suggests that both Brownell and the Bank are estopped from releasing the second trust because, as stated above, to do so would result in the release of the underlying obligation and render the note worthless.

Brownell and the Bank counter such an argument with their reference to the express language of the note, in which the makers agree to remain obligated on the note whether or not the collateral is released or otherwise impaired. However, the Court does not believe at this stage of the proceedings that it may summarily reject the position of Mr. Harris based upon this language. Were the Court to interpret the contract to include the situation here present, it would, as Mr. Harris observed, give a "windfall" to the purchaser of the equity of redemption who subsequently releases a senior trust. Under such a scenario, the mortgagor not only loses his collateral but must assist the purchaser in the cost of acquisition. See discussion, *Seward, supra*, at 164, 165.

The Court believes that there remain genuine issues of fact relating to the release of the trust, estoppel, and accord and satisfaction which preclude summary judgment at this time.

### III. *Conclusion*

Plaintiffs' motions for summary judgment will be denied.